DECISION AND JUDGMENT ENTRY
{¶ 1} Ransom Staley ("Appellant") appeals the judgment of the Hocking County Common Pleas Court dismissing his allegations about a breach of his plea agreement in Hocking County Criminal Case No. 85-CR-050 by the Madison County Court of Common Pleas. Appellant argues that the Hocking County Common Pleas Court erred as a matter of law and abused its discretion when it determined it did not have jurisdiction over the matter. Because we find that this appellate district is not a proper forum in which to challenge the alleged breach of the plea agreement, we dismiss his appeal for want of jurisdiction.
 {¶ 2} Appellant pled guilty to felonious assault with a firearm specification in State v. Staley, Hocking County Common Pleas Court Case No. 85-CR-050, for shooting his estranged wife during the course of divorce proceedings. He was sentenced to an indeterminate prison term of seven to fifteen years for the felonious assault conviction with a consecutive three year term for the firearm specification. A charge of sexual battery asserted against Appellant was dismissed pursuant to plea negotiations in that case. No appeal was taken from Appellant's conviction in that case.
 {¶ 3} On November 20, 1998, the Ohio Department of Rehabilitation and Correction placed Appellant at the Madison Correctional Institution ("MCI"). During Appellant's incarceration at MCI, he participated in vocational employment through Ohio Penal Industries. On January 5, 1999, while on a work assignment outside of MCI, Appellant escaped. On February 1, 1999, Appellant was apprehended in Nevada. He was later returned to Ohio, where he had been indicted for escape in violation of R.C. 2921.34. He was subsequently convicted of escape in the Madison County Common Pleas Court and was sentenced to an eight year prison term to be served consecutively to the aforementioned Hocking County sentence.
 {¶ 4} Appellant appealed from the Madison County conviction in State v. Staley (2000), Madison App. No. CA99-08-019, 2000 WL 554512. In that case, Appellant only appealed from the trial court rulings affecting evidentiary matters and from the denial of his motion for a directed verdict. He did not appeal from the sentence imposed by the Madison County Common Pleas Court and did not raise on appeal any issue concerning the Madison County Common Pleas Court's alleged use of the nolled sexual battery charge in Hocking County Criminal Case No. 85-CR-050 in sentencing. The Twelfth District Court of Appeals upheld the conviction, and the Supreme Court of Ohio refused to grant jurisdiction.
 {¶ 5} Appellant then filed a motion to withdraw his guilty plea in Hocking County Criminal Case No. 85-CR-050 pursuant to Crim.R. 32.1 in the Hocking County Common Pleas Court. In its Entry dated November 9, 2005, the Hocking County Common Pleas Court denied Appellant's motion to withdraw his guilty plea. Also included in the Entry was a passage asserting a lack of jurisdiction regarding alleged errors that occurred outside of Hocking County:
"As to the allegations as to proceedings in any Court of Common Pleas in other Counties of Ohio the court has found above the court does not have jurisdiction, and, therefore, as to the Court of Common Pleas, Hocking County, Ohio dismisses the allegations as to any other Court of Common Pleas, Ohio for lack of jurisdiction."
 {¶ 6} Appellant now appeals from this order, asserting the following assignment of error:
 {¶ 7} I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN DETERMINING THAT A BREACH OF THE PLEA AGREEMENT WHICH OCCURRED IN ANOTHER COUNTY PLACED THE RELIEF THEREFROM BEYOND ITS JURISDICTION.
 {¶ 8} Appellant argues that the Hocking County Court of Common Pleas had jurisdiction to consider his claim regarding breach of the aforementioned plea agreement. Section 3(B)(2), Article IV of the Ohio Constitution provides that courts of appeals have appellate jurisdiction as may be provided by law over the judgment and final orders of courts of record inferior to the court of appeals in the district. Likewise, R.C. 2501.02
provides that courts of appeals have jurisdiction over appeals upon questions of law to review, affirm, modify, set aside, or reverse judgments or final orders of courts of record inferior to the court of appeals within the district for prejudicial error committed by such lower court. By Appellant's own admission, as stated in his assignment of error, the alleged breach of the plea agreement took place outside of Hocking County. The Hocking County Common Pleas Court, therefore, is an improper forum, pursuant to Section 3(B)(2), Article IV of the Ohio Constitution, and R.C. 2501.02 for Appellant to assert his claim.
 {¶ 9} Because we have determined that the Hocking County Common Pleas Court has no jurisdiction under which it can lawfully consider Appellant's claim, we dismiss his appeal.
Appeal Dismissed.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, P.J.: Concurs in Judgment Only. Kline, J.: Concurs in Judgment and Opinion.